IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | CR 06-00464 PHX SRB |
| v. | ) | CV 12-02210 PHX SRB MEA |
| | ) | |
| Ira W. Gentry, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant/Movant. | ) | |
| _____ | ) | |

TO THE HONORABLE SUSAN R. BOLTON:

On October 16, 2012, Mr. Ira Gentry ("Movant"), filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On May 6, 2013, Respondent filed a response to the Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Response") (Doc. 12). Movant filed a reply to the response to his motion on June 7, 2013. See Doc. 14.

**I Procedural History**

A federal grand jury indictment returned May 3, 2006, charged Movant and a co-defendant with 59 criminal counts, including conspiracy, securities fraud, wire fraud, tax evasion, and money laundering; the indictment also sought forfeiture of real property. Movant was charged with these crimes in

connection with a corporate entity, of which he was CEO from the end of 1997 through mid-2001.  See Criminal Doc. 1 & Criminal Doc. 3.  The government alleged Movant was involved in a "pump and dump" stock manipulation scheme.  See Doc. 12 at 1.  In a published order entered October 5, 2006, after numerous continuances and a hearing, the Court found the government had sustained its burden of showing Movant was a flight risk and ordered him detained pending trial.  See Criminal Doc. 106; United States v. Gentry, 455 F. Supp. 2d 1018 (D. Ariz. 2006).

On August 12, 2008, the government moved to dismiss fourteen counts of the indictment, which motion was granted. See Criminal Doc. 432.  At the conclusion of a sixteen-day trial, on September 12, 2008, Movant was convicted on 33 felony offenses, comprised of one count of conspiracy, nine counts of securities fraud, five counts of wire fraud, one count of tax evasion, eleven counts of international concealment money laundering, three counts of concealment of money laundering, and three counts of transactional money laundering.  See Criminal Doc. 506.  Judgments and convictions were entered on March 17, 2009, and Movant was sentenced to an aggregate term of 180 months imprisonment.  See Criminal Doc. 598.

The Ninth Circuit Court of Appeals affirmed Movant's convictions and sentences on direct appeal in a published opinion.  See United States v. Jenkins, 633 F.3d 788 (9th Cir.),

cert. denied, 132 S. Ct. 453 (2011).[1]  In denying relief the Ninth Circuit Court of Appeals addressed the merits of, *inter alia*, Movant's claim regarding the statute of limitations:

> The principal legal issue we face is whether 18 U.S.C. § 3292 suspended the running of the statute of limitations for all counts. Section 3292 permits the district court to suspend the statute upon finding that the government reasonably believes evidence of a crime under investigation by a grand jury is in a foreign country and has requested that evidence. Subject to defined outer limits, the suspension period lasts until the foreign government has taken "final action" on the official request.
>    Appellants argue that an application to suspend the running of the statute of limitations must be supported by a sworn affidavit or other material of evidentiary value and that § 3292 does not permit the district court to suspend the statute of limitations if the government applies after the statute has expired. The fact that the government submitted its official request for evidence to a foreign government before the

---

[1]

This case arises out of a "pump and dump" scheme during which Randy Jenkins and Ira Gentry conspired to secretly acquire millions of shares of UniDyn Corporation stock, artificially inflate its value, sell it for significant profit, and launder the proceeds. After a sixteen-day trial, a jury convicted Jenkins and Gentry ("Appellants") of multiple counts of securities fraud (15 U.S.C. §§ 78ff, 78j(b)); wire fraud (18 U.S.C. § 1343); international concealment money laundering (18 U.S.C. § 1956(a)(2)(B)(i)); concealment money laundering (18 U.S.C. § 1956(a)(1)(B)(i)); and transactional money laundering (18 U.S.C. § 1957(a)). The jury also convicted each appellant of one count of tax evasion (26 U.S.C. § 7201) and for conspiracy to defraud the United States and commit wire fraud, securities fraud, and mail fraud (18 U.S.C. § 371).
United States v. Jenkins, 633 F.3d 788, 793 (9th Cir.), cert. denied 132 S. Ct. 257 & 453 (2011).

expiration of the statute is irrelevant, they argue. Consequently, they contend that even though the government submitted a sworn affidavit in support of its § 3292 application on June 20, 2005, the district court could not suspend any of the pertinent statutes of limitation that expired before that date. Finally, appellants argue that Canada took "final action" on or before July 5, 2005, ending the suspension period and rendering several counts of the indictment untimely. We agree only with appellants' first contention and conclude that the statute of limitations had not expired on any counts before the grand jury returned its indictment.

    In addition, both appellants contend (1) there was insufficient evidence to support conviction on many counts; (2) the jury's instructions on money laundering were reversible error; and, (3) the district court erred at sentencing in calculating the amount of loss and number of victims. Jenkins also argues that his sentence was substantially unreasonable. Gentry argues that the district court wrongly denied his motion to sever his trial from Jenkins's, and that the district court erred in denying his motion for additional cross examination of a government witness. We reject each of these claims and affirm the convictions and sentences.

Id. at 793-94.

        The Supreme Court denied Movant's petition for a writ of certiorari on October 17, 2011.

        On April 22, 2010, while his direct appeal was pending, Movant sought a new trial pursuant to Federal Rule of Criminal Procedure 33(a) and (b)(1).  Movant challenged his convictions on counts 35-45, claiming, among other things, that "[n]ewly obtained evidence from the receiving bank Wells Fargo verifies that the wires were domestic, originated in New York and were not international transfers."  See Criminal Doc. 748 at 4.  On June 8, 2010, the District Court denied relief, treating the

-4-

motion as a substantive motion for new trial and finding that "[t]he alleged newly discovered evidence is not newly discovered as it could have been obtained through due diligence..." and that "this 'new' evidence is part of an argument Defendant made at trial which the Court rejected." Criminal Doc. 753. Defendant did not seek appellate review of this ruling.

Subsequently, again while his direct appeal was still pending in the Ninth Circuit Court of Appeals, on September 2, 2010, Movant moved for a new trial pursuant to Rule 33, Federal Rules of Criminal Procedure. Criminal Doc. 757. Movant again claimed that allegedly newly discovered evidence and <u>Brady</u> violations warranted a new trial. Movant's arguments concerning newly discovered evidence on the issue of international concealment money laundering were the same as those advanced in a prior motion. <u>Compare</u> Criminal Doc. 748, <u>with</u> Criminal Doc. 757. Movant also claimed he possessed newly discovered evidence pertinent to the testimony of witnesses and the viability of what he claimed to be his invention, the "Sterling." <u>See</u> Criminal Doc. 757 at 6–7.[2] On October 6, 2010, the District Court denied the motion for new trial "For the same reasons expressed in this Court's June 8, 2010 Order [Doc 753]." Criminal Doc. 763. Movant did not appeal this order.

More than eight months later, on June 30, 2011, Movant filed a pleading captioned as a "Motion for New Trial II." Criminal Doc. 770. In this pleading Movant advanced the same

---

[2] This evidence was allegedly obtained in September 2008, May 2008, and April 2010. <u>See</u> Criminal Doc. 757 at 7–8.

claims for relief proffered in his September 2010 motion for a new trial.  Movant did not produce evidence significantly or materially different from that presented in the September 2010 motion for new trial.  On September 19, 2011, the District Court denied the "Motion for New Trial II," once again finding "that there is no newly discovered evidence and that this motion is essentially the same as Defendant Gentry's April 2010 [Doc. 748] and September 2010 [Doc. 757] Motions."  Criminal Doc. 779.

Movant appealed this decision to the Ninth Circuit Court of Appeals on September 28, 2011.  See Criminal Doc. 782. Movant raised eight bases for relief in his appeal from the District Court's denial of his request for a new trial.  Movant asserted that:

> (1)  alleged newly discovered evidence established that his international money laundering convictions were invalid because no funds crossed international borders;
> (2) alleged newly discovered evidence proved that the Government committed Brady violations regarding wire transfer documents related to the international money laundering convictions;
> (3) a chart utilized at trial by the United States was misleading;
> (4) alleged newly discovered evidence (which was also allegedly withheld by the United States in violation of Brady) impeaches the testimony of Hiroshi Tsuriya;
> (5) alleged newly discovered evidence proves that three prosecution witnesses gave false and misleading testimony;
> (6)  alleged newly discovered evidence demonstrates that the Sterling was "not a fraud"; and
> (7) foreign records were improperly admitted at trial.

Civil Doc. 12 at 4-5, citing Ninth Circuit Court of Appeals Docket No. 11-10495.

-6-

In a decision entered July 13, 2012, the Ninth Circuit Court of Appeals found each of Movant's arguments "so insubstantial as to not require further argument" and summarily affirmed the District Court's denial of Movant's motion for new trial.   Criminal Doc. 791.

In his section 2255 motion, Movant contends:

1. He was denied his right to due process of law and his right to a fair trial because he was not appointed different counsel.

2. All but five counts charged in the 2006 indictment were invalid because the statute of limitations had expired.

3. The government withheld material evidence, in violation of Brady v. Maryland.

4. He was improperly convicted of international money laundering when no funds crossed international boundaries.

5. Five of the government's witnesses committed perjury, altering the outcome of his criminal proceedings.

6. He was improperly sentenced because the District Court improperly calculated "loss, victims, and forfeiture," and because the District Court erred by not applying the 2000 version of the United States Sentencing Guideline rather than the 2002 version.

7. "Foreign evidence admitted at trial through certification did not meet the required indicia of reliability as required pursuant to 18 USC §3505 and Ninth Circuit case law."

-7-

8. His conviction on Count I must be reversed because the latest act alleged was not one of conspiracy and was outside the statute of limitations.

9. The District Court improperly instructed the jury with regard to money laundering.

10. The government presented unlawfully obtained evidence at trial; Movant asserts his counsel was ineffective in presenting his Fourth Amendment claim and that he is actually innocent of the charges against him.

11. The indictment charged some funds were the result of illegal activity and subject to forfeiture. Accordingly, Movant contends, the government is estopped from asserting Movant should have declared this income as capital gains or lawful income.

12. "Counts 39, 40, 44, and 45 are essential payments and as such are not money laundering."

13. Counts 2 through 11 and 12 through 17 should have been dismissed on the same basis as 18 through 22 because "they rely upon a conviction for the trading of stock."

14. His counsel's representation was so ineffective at every step of his criminal proceedings that he was essentially not represented by counsel.

15. Venue in the District of Arizona was improper with regard to Counts 39 and 40.

Respondent allows that the motion is timely.

-8-

1      **II Analysis**

2          **A. Defaulted claims**

3          Because "[h]abeas review is an extraordinary remedy and

4   will not be allowed to do service for an appeal," Bousley v.

5   United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998),

6   absent a showing of cause and prejudice a section 2255 movant

7   procedurally defaults all claims which were not raised in his

8   direct appeal, other than claims asserting that the movant was

9   deprived of the right to the effective assistance of counsel.

10  See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct.

11  1584, 1594 (1982); United States v. Ratigan, 351 F.3d 957, 964

12  (9th Cir. 2003); United States v. Johnson, 988 F.2d 941, 945

13  (9th Cir. 1993).

14          "[T]o obtain collateral relief based on trial errors to

15  which no contemporaneous objection was made, a convicted

16  defendant must show both (1) 'cause' excusing his double

17  procedural default, and (2) 'actual prejudice' resulting from

18  the errors of which he complains." Frady, 456 U.S. at 167-68,

19  102 S. Ct. at 1594. See also Ratigan, 351 F.3d at 964. A

20  section 2255 movant who fails to show cause and prejudice can

21  still obtain review of a claim on collateral attack by

22  demonstrating the likelihood of his "actual," i.e., factual,

23  innocence. See Bousley, 523 U.S. at 623, 118 S. Ct. at 1611-12;

24  United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007).

25  To establish actual innocence the movant must demonstrate that,

26  in light of all the evidence, including new evidence that might

27  be introduced by both sides, it is more likely than not that no

28                              -9-

reasonable juror would have convicted him.   See Ratigan, 351
F.3d at 964, quoting Bousley, 523 U.S. at 623, 118 S. Ct. at
1611.

Movant has not shown cause nor prejudice with regard to
any defaulted claim.   Although Movant asserts his actual
innocence, he has not established any likelihood of his factual
innocence.   Accordingly, any claim other than an ineffective
assistance of counsel claim which Movant did not assert in his
direct appeal has been procedurally defaulted and should not be
considered by the Court.

Additionally, as a general rule, "[i]ssues disposed of
on a previous direct appeal are not reviewable in a subsequent
§ 2255 proceeding."   United States v. Currie, 589 F.2d 993, 995
(9th Cir. 1979).   A section 2255 petitioner may, in limited
circumstances, raise claims of trial court error that were
previously raised and decided on direct appeal.   See Feldman v.
Henman, 815 F.2d 1318, 1322 (9th Cir. 1987) (emphasis added),
citing Kaufman v. United States, 394 U.S. 217, 227 n.8, 89 S.
Ct. 1068, 1074 n.8 (1969).

> The scope of this exception has been
> clarified by Supreme Court and Ninth Circuit
> case law.   The guiding principles may be
> summarized as follows: When a district court
> is confronted by a repetitive claim in a §
> 2255 Motion, the court may refuse to consider
> the claim and may give controlling weight to
> the court of appeals' determination if (1)
> the "same ground" presented in the § 2255
> Motion was previously determined adversely to
> the petitioner; (2) the prior determination
> was "on the merits;" and (3) the "ends of
> justice" would not be served by reaching the
> merits of the claim in the subsequent § 2255
> Motion. Sanders v. United States, 373 U.S. 1,

-10-

15, 83 S.Ct. 1068, 1077, [] (1963); <u>Molina v. Rison</u>, 886 F.2d 1124, 1127 (9th Cir. 1989); <u>Polizzi v. United States</u>, 550 F.2d 1133, 1135 (9th Cir. 1976).

<u>United States v. Olmos-Esparza</u>, 974 F. Supp. 1311, 1317 (S.D. Cal. 1997).

Movant's claims regarding the statute of limitations, insufficient evidence to support his convictions, allegedly impropriety in the jury instruction on money laundering, <u>Brady</u> violations, the alleged perjury of government witnesses, the improper admission of evidence, and error at sentencing in calculating the amount of loss and number of victims, were all brought before the Ninth Circuit Court of Appeals and rejected by the appellate court on the merits of those claims. Additionally, the prior determinations were on the merits of the claims and the ends of justice would not be served by analyzing the claims.  Therefore, the Court should not re-visit these claims.

Movant has not established cause for nor prejudice arising from his procedural default of any habeas claims other than ineffective assistance of counsel.  Although Movant asserts his actual innocence of the crimes of conviction, Movant is actually asserting that his actions do not constitute crimes for which he may be punished.  Movant has not established a basis for the Court to reconsider claims previously denied on the merits by the Ninth Circuit Court of Appeals.  Accordingly, the Court should not consider the merits of any claims other than Movant's ineffective assistance of counsel claims.

-11-

## B. Movant's ineffective assistance of counsel claims

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064). "<u>Strickland</u> defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" <u>Id.</u>

<u>United States v. Span</u>, 75 F.3d 1383, 1386-87 (9th Cir. 1996). <u>See</u> <u>also</u> <u>United States v. Thomas</u>, 417 F. 3d 1053, 1056 (9th Cir. 2005).

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." <u>Id.</u>, 466 U.S. at 689, 104 S. Ct. at 2065. There is a "strong presumption" that trial counsel's conduct and strategy falls "within the wide range of reasonable professional assistance." <u>Id.</u> To establish that his counsel's conduct was unconstitutionally substandard, a section 2255 petitioner must establish that no competent counsel would have acted as his counsel acted, i.e., that his counsel's acts were unreasonable. <u>United States v. Fredman</u>, 390 F.3d 1153, 1156 (9th Cir. 2004); <u>United States v. Ferreira-Alameda</u>, 815 F.2d 1251, 1253 (9th Cir. 1996) ("[r]eview of counsel's performance

-12-

is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation."); <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1176-77 (11th Cir. 2001).

It is Movant's burden to provide the Court with sufficient evidence from which the Court can conclude his counsel's performance was unconstitutionally ineffective. <u>See United States v. Withers</u>, 638 F.3d 1055, 1066-67 (9th Cir. 2011). With regard to the prejudice prong of the <u>Strickland</u> analysis, the probability of prejudice may not be based merely upon conjecture or speculation. <u>See Mickens v. Taylor</u>, 122 S. Ct. 1237, 1246 (2002) (Kennedy, J. concurrence) (regarding speculation as having no place in a <u>Strickland</u> analysis); <u>Horton v. Mayle</u>, 408 F.3d 570, 577 (9th Cir. 2005).

Movant asserts, *inter alia*, that he "was denied due process" and "forced into an unfair trial" because "[the Court] made no inquiry into the serious conflicts that arose between Gentry and Court appointed counsel." The record reveals Movant's counsel's representation of Movant was not below an objective standard of reasonableness. Counsel challenged the evidence and the government's case against Movant.

Movant's claims regarding the alleged deficient performance of his counsel are premised primarily on Movant's contention that counsel should have pressed particular issues which counsel did not raise, such as Movant's contention regarding venue. Many of these issues were raised by Movant in his direct appeal or his other post-conviction proceedings and

relief was denied.  Accordingly, with regard to these assertions of error, Movant has not established that his counsel's performance was unreasonably unprofessional, or that Movant was prejudiced by any alleged failure of counsel to press these issues.  <u>United States v. Molina</u>, 934 F.2d 1440, 1447 (9th Cir. 1991) ("it is not professionally unreasonable to decide not to file a motion so clearly lacking in merit.").

### III Conclusion

Movant is not entitled to relief on the merits of his ineffective assistance of counsel claims.  Movant has not established that his counsel's performance was deficient or that he was prejudiced by any alleged deficiency in performance.

Most of Movant's section 2255 claims were denied on the merits by the Ninth Circuit Court of Appeals.  Accordingly, the Court should not re-consider the merits of the claim.  Movant's other claims were procedurally defaulted by his failure to raise them in his direct appeal.  Movant has not show cause for, nor prejudice arising from his procedural default of section 2255 claims, nor his actual innocense.

**IT IS THEREFORE RECOMMENDED** that Mr. Gentry's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

-14-

Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

DATED this 2nd day of July, 2013.

Mark E. Aspey
United States Magistrate Judge

-15-